16-2015-CA-003440-XXXX-MA

Filing # 27848622 E-Filed 05/29/2015 11:05:55 AM

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.
DIVISION:

DATE: 6/10/2015
HOUR: 11:10 AM
DEPUTY SHERIFF:

PATRICK BURRUS and ANNA BURRUS, individually and as parents of JOSHUA BURRUS and JOHN BURRUS; JOSHUA BURRUS, individually; and ANNA BURRUS, as natural guardian of JOHN BURRUS, a minor,

    Plaintiffs,

vs.

STRICK TRAILERS, LLC, a foreign limited liability company; XTRA LEASE, LLC, a foreign limited liability company; LIBERO EXPRESS, INC., a foreign corporation; ORVIAL STEPHENS; and UNITED SERVICES AUTOMOBILE ASSOCIATION,

    Defendants.

## COMPLAINT

The plaintiffs, Patrick Burrus (Patrick) and Anna Burrus (Anna), individually and as parents of Joshua Burrus and John Burrus, Joshua Burrus individually (Joshua), and Anna Burrus, as natural guardian of John Burrus, a minor (John), sue defendants STRICK TRAILERS, LLC, a foreign limited liability company (Strick), XTRA LEASE, LLC, a foreign limited liability company (Xtra), LIBERO EXPRESS, INC., a foreign corporation (Libero), ORVIAL STEPHENS (Stephens), and UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA), and state:

FILED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 05/29/2015 01:26:42 PM

## General Allegations

1. This is an action for damages that exceed $75,000.

2. At all times material, the plaintiffs Patrick, Anna, Joshua and John Burrus were and are American citizens and residents of Jacksonville, Duval County, Florida.

3. On February 23, 2014, Joshua and John Burrus were riding in a motor vehicle going south in Interstate 75 in Pasco County, Florida.

4. At that time and place the Burrus vehicle became involved in a collision with a tractor trailer driven by defendant Stephens in the course and scope of his employment by defendant Libero.

5. As a direct and proximate result, Joshua Burrus and John Burrus suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of ability to earn money. The losses are either permanent or continuing, and plaintiffs will suffer the losses in the future.

6. John Burrus is a minor child whose date of birth is December 9, 1999.

7. Joshua Burrus was a minor child at the time of the crash whose date of birth is February 26, 1997.

8. Patrick Burrus and Anna Burrus are the parents of Joshua and John Burrus and the natural guardian of John Burrus.

9. As a result of the injuries caused by the negligence of defendants, John and Joshua Burrus suffered significant injuries and received extensive medical care and treatment and will continue to do so for the rest of their lives.

10. Plaintiffs Patrick and Anna Burrus have become liable, and will continue to incur

additional liability, for the numerous medical and economic expenses stemming from the care rendered to their sons, John and Joshua Burrus, by virtue of the defendants' negligence and are entitled to recover these expenses.

11. Also as a result of the severe injuries sustained by John and Joshua Burrus in the crash at issue, plaintiffs Patrick and Anna Burrus have suffered a loss of filial consortium and are entitled to recover for the loss of companionship, society, love, affection, and solace of their injured children, as well as ordinary day-to-day services that they would have rendered had they not been injured in the crash.

## THE DEFENDANTS

### *Strick Trailers, LLC*

12. At all times material, the defendant Strick Trailers, LLC, was a Delaware limited liability company headquartered in Indiana that was engaged in the business of manufacturing trailers that would be towed on streets and highways throughout the United States, including in Florida.

13. Defendant STRICK is subject to the jurisdiction of this Court because it:

(a) operates, conducts, engages in, or carries on a business or business venture in this state with offices or agencies in this state;

(b) committed a tortious act in Florida;

(c) caused injury to persons or property within this state arising out of an act or omission by the Defendant STRICK outside this state while (i) Defendant STRICK was engaged in solicitation or service activities within this state and while (ii) Defendant STRICK's products, materials, or things processed, serviced or manufactured by Defendant STRICK were used or consumed within this state in the ordinary course of commerce, trade or use; and

(d) was doing substantial and not isolated business in Florida.

Defendant STRICK is engaged in solicitation and/or service activities within the State of Florida, which resulted in the serious and permanent injuries to the Plaintiffs.

### *Xtra Lease, LLC*

14. At all times material, defendant Xtra Lease, LLC, was a Delaware limited liability company headquartered in Missouri, licensed and authorized to do business in the state of Florida, and engaging in the business of leasing trailers that would be towed on streets and highways throughout the United States, including Florida.

15. Defendant XTRA is subject to the jurisdiction of this Court because it:

    (a) operates, conducts, engages in, or carries on a business or business venture in this state with offices or agencies in this state;

    (b) committed a tortious act in Florida;

    (c) caused injury to persons or property within this state arising out of an act or omission by the Defendant XTRA outside this state while (i) Defendant XTRA was engaged in solicitation or service activities within this state and while (ii) Defendant XTRA's products, materials, or things processed, serviced or manufactured by Defendant XTRA were used or consumed within this state in the ordinary course of commerce, trade or use; and

    (d) was doing substantial and not isolated business in Florida.

16. Defendant XTRA is engaged in solicitation and/or service activities within the State of Florida, which resulted in the serious and permanent injuries to the Plaintiffs.

### *Libero Express, Inc.*

17. At all times material, defendant Libero Express, Inc., was an Illinois corporation engaged in the business of transporting cargo by truck on the streets and highways of the United

States, including in Florida.

18. Defendant LIBERO is subject to the jurisdiction of this Court because it:

    (a)    operates, conducts, engages in, or carries on a business or business venture in this state with offices or agencies in this state;

    (b)    committed a tortious act in Florida;

    (c)    caused injury to persons or property within this state arising out of an act or omission by the Defendant LIBERO outside this state while (i) Defendant LIBERO was engaged in solicitation or service activities within this state and while (ii) Defendant LIBERO's products, materials, or things processed, serviced or manufactured by Defendant LIBERO were used or consumed within this state in the ordinary course of commerce, trade or use; and

    (d)    was doing substantial and not isolated business in Florida.

19. Defendant LIBERO is engaged in solicitation and/or service activities within the State of Florida, which resulted in the serious and permanent injuries to the Plaintiffs.

### *Orvial Stephens*

20. At all times material, defendant Orvial Stephens was a resident of the state of Oklahoma and employed by defendant Libero as a truck driver.

### *United Services Automobile Association*

21. At all times material, defendant USAA was and is an inter-insurance exchange made up of members who are insured by one another and who own USAA's assets, including Patrick Burrus, USAA is licensed and authorized to do business in the state of Florida.

### COUNT I – Negligence of Stephens

22. The allegations in paragraphs 1 through 11 and 17 through 20 above are realleged

and incorporated herein by reference.

23. Defendant Orvial Stephens negligently operated the tractor trailer so that it collided with the car occupied by Joshua and John Burrus.

WHEREFORE, plaintiffs demand judgment for damages against defendants Libero Express, Inc., and Orvial Stephens.

## COUNT II – USAA

24. The allegations in paragraphs 1 through 11 and 21 are realleged and incorporated herein by reference.

25. The plaintiffs' damages exceed the insurance policy limits available from Orvial Stephens.

26. Prior to February 23, 2014, defendant USAA issued and delivered in Duval County, Florida, an automobile insurance policy number 00446-25-78U-7109-8 for premiums paid by plaintiffs protecting the plaintiffs against losses and damages resulting from the negligence of uninsured motorists including uninsured/underinsured coverage.

27. Said insurance policy providing stacked uninsured motorist coverage of up to $100,000 per person/$200,000 per accident for each of four vehicles was in effect at the time of the accident described above. A copy of the coverage statement provided by USAA is attached as plaintiffs' Exhibit A.

28. At the time of the aforesaid collision, the defendant, Orvial Stephens, was an underinsured motorist, as that term is defined in plaintiffs' policy and § 627.727, Florida Statutes, and as applicable case law interprets same.

29. Defendant USAA is obligated to pay monetary damages to plaintiffs as a result of the injuries they sustained in the aforesaid motor vehicle collisions.

30. Defendant USAA has refused to honor its obligations to plaintiffs under the underinsured motor vehicle policy provision of the aforesaid insurance contract.

31. The parties have been unable to agree on the amount of damages, and neither party has demanded arbitration.

WHEREFORE, plaintiffs demand judgment against defendant USAA for damages in excess of Orvial Stephens' policy limits.

### COUNT III – Negligence of Strick Trailers, LLC

32. The allegations in paragraphs 1 through 13 above are realleged and incorporated herein by reference.

33. The car in which Joshua and John Burrus were riding struck the rear of the trailer being towed by defendant Stephens.

34. When the car impacted the trailer, the rear underride guard broke off and allowed the car containing Joshua and John Burrus to slide under the rear of the trailer.

35. As a result, Joshua and John Burrus suffered significantly greater injuries than they would have incurred had the underride guard performed as it should have.

36. The trailer was manufactured by defendant Strick Trailers, LLC, and purchased by defendant Xtra Lease, LLC.

37. The trailer was leased from Xtra Lease, LLC, by defendant Libero Express, Inc.

38. Defendant Strick owed a duty to occupants of other motor vehicles to provide an underride guard on its trailers that would prevent vehicles from under-riding the trailer in reasonably foreseeable collisions.

39. Defendant Strick negligently breached its duty in one or more of the following respects:

    a.    The underride guard was not substantially constructed so as to withstand reasonably foreseeable collisions.

    b.    The underride guard was not firmly attached so as to withstand reasonably foreseeable collisions.

40.    As a result of defendant Strick's negligence, plaintiffs' vehicle under-rode the trailer, causing injuries to the plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendant Strick Trailers, LLC.

### COUNT IV – Strict Liability of Strick Trailers, LLC

41.    The allegations in paragraphs 1 through 13 and 34 through 36 above are realleged and incorporated herein by reference.

42.    The trailer manufactured by defendant Strick was in substantially the same condition as when it was sold by Strick to Xtra Lease, LLC.

43.    The trailer was manufactured or designed in a defective condition that was unreasonably dangerous to occupants of motor vehicles involved in a rear-end collision in one or more of the following respects:

    a.    The underride guard was not substantially constructed so as to prevent other motor vehicles from under-riding the trailer in reasonably foreseeable rear-end collisions.

    b.    The underride guard was not firmly attached to the trailer so as to prevent other motor vehicles from under-riding the trailer in reasonably foreseeable rear-end collisions.

44.    As a result of the defective condition of the subject underride guard, plaintiffs' vehicle under-rode the trailer and caused injury to the plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendant Strick Trailers, LLC.

### COUNT V – Negligence of Xtra Lease, LLC

45. The allegations in paragraphs 1 through 11, 14 through 16, and 33 through 35 above are realleged and incorporated herein by reference.

46. Defendant Xtra Lease, LLC, as owner of the trailer, had a duty to motor vehicle drivers and passengers using the streets and highways to equip and maintain the trailer in a reasonably safe condition so as to prevent underride crashes in reasonably foreseeable collisions.

47. Defendant Xtra Lease negligently breached its duty in one or more of the following respects:

   a. Xtra Lease failed to provide the trailer with an underride guard that was substantially constructed so as to prevent other vehicles from under-riding the trailer in reasonably foreseeable rear-end collisions.

   b. Xtra Lease failed to firmly attach an underride guard to the trailer so as to prevent other vehicles from under-riding the trailer in reasonably foreseeable rear-end collisions.

   c. Xtra Lease failed to maintain the underride guard so that it was of insufficient strength and attachment to prevent other motor vehicles from under-riding the trailer in reasonably foreseeable rear-end collisions.

48. As a result of defendant Xtra Lease's negligence, plaintiffs' vehicle under-rode the trailer, causing injury to plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendant Xtra Lease, LLC.

### COUNT VI – Strict Liability of Xtra Lease, LLC

49. The allegations in paragraphs 1 through 11, 14 through 16, and 33 through 35

above are realleged and incorporated herein by reference.

50. The trailer owned and leased by defendant Xtra Lease was defective and unreasonably dangerous to occupants of motor vehicles involved in a rear-end collision in one or more of the following respects:

    a. The underride guard was not substantially constructed so as to prevent other motor vehicles from under-riding the trailer in reasonably foreseeable rear-end collisions.

    b. The underride guard was not firmly attached to the trailer so as to prevent other motor vehicles from under-riding the trailer in reasonably foreseeable rear-end collisions.

51. As a result of the defective condition of the subject underride guard, plaintiffs' vehicle under-rode the trailer and caused injury to the plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendant Xtra Lease, LLC.

### COUNT VII – Negligent Maintenance by Libero Express, Inc.

52. The allegations in paragraphs 1 through 11, 17 through 19, and 33 through 35 above are realleged and incorporated herein by reference.

53. Defendant Libero Express, Inc., as user and operator of the trailer, had a duty to occupants of other motor vehicles using the streets and highways to maintain the trailer in a reasonably safe condition so as to prevent other motor vehicles from under-riding the trailer in reasonably foreseeable rear-end collisions.

54. Defendant Libero Express, Inc., negligently breached its duty in one or more of the following respects:

a. Libero Express failed to provide the trailer with an underride guard that was substantially constructed so as to prevent other vehicles from under-riding the trailer in reasonably foreseeable rear-end collisions.

b. Libero Express failed to firmly attach an underride guard to the trailer so as to prevent other vehicles from under-riding the trailer in reasonably foreseeable rear-end collisions.

c. Libero Express failed to maintain the underride guard so that it was of insufficient strength and attachment to prevent other motor vehicles from under-riding the trailer in reasonably foreseeable rear-end collisions.

55. As a result of defendant Libero Express' negligence, plaintiffs' vehicle under-rode the trailer, causing injury to plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendant Libero Express, Inc.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

PAJCIC & PAJCIC, P.A.

_____
**Robert J. Link, Esquire**
Florida Bar No.: 200743
**Stephen J. Pajcic, III, Esquire**
Florida Bar No. 143485
One Independent Drive, Suite 1900
Jacksonville, FL 32202-5013
Telephone: (904) 358-8881
Telefax: (904) 354-1180
Primary email: bob@pajcic.com
Secondary email: melanie@pajcic.com
**Attorney for Plaintiffs**